# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2010

No. 09-40676
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FILIBERTO HERNANDEZ-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-70-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Filiberto Hernandez-Navarro was convicted of attempted unlawful entry into the United States following deportation and after having been convicted of a felony, and was sentenced to a 54-month term of imprisonment. Hernandez-Navarro challenges his within-guidelines sentence, contending that the district court erred in overruling his objection to U.S.S.G. § 2L1.2, the illegal-reentry Guideline, as lacking an empirical basis. He argues, for purposes of preserving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the issue for possible further review, that the presumption of reasonableness should not apply to sentences calculated under the illegal-reentry Guideline.

Although we generally review an ultimate sentence for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). With respect to an issue raised in district court, the district court's application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

We have consistently rejected Hernandez-Navarro's "empirical data" arguments, concluding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not require district or appellate courts to independently analyze the empirical grounding behind each individual Guideline and that *Kimbrough* does not question the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Hernandez-Navarro argues that the district court committed significant procedural error in failing to provide an adequate explanation for the sentence and that the sentence is substantively unreasonable. He concedes that he did not raise these arguments in the district court, but he seeks to preserve for possible further review his contention that review should not be limited to plain error.

Because Hernandez-Navarro did not challenge in the district court the adequacy of the district court's explanation of sentence, we review for plain error. *Mondragon-Santiago,* 564 F.3d at 361. To show plain error, Hernandez-Navarro must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). This court will correct such an error only if

2

it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if Hernandez-Navarro has identified clear or obvious error with respect to the adequacy of the district court's explanation of sentence, he has not shown that the error affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364-65. He argues that his substantial rights were affected because the district court's "failure to address his nonfrivolous mitigation arguments deprived this Court of the ability to conduct a thorough analysis of the substantive reasonableness of his sentence." As he acknowledges, however, this argument is foreclosed by *Mondragon-Santiago*, 564 F.3d at 365, although he seeks to preserve the argument for possible further review. Hernandez-Navarro argues that at least a reasonable probability exists that if the district court had been required to articulate its reasons and to address his mitigation arguments, the district court would have found merit in those arguments and imposed a lower sentence because each argument related, "in a mitigating way," to considerations in 18 U.S.C. § 3553(a). Hernandez-Navarro has not shown, however, that the error "actually did make a difference." *Mondragon-Santiago*, 564 F.3d at 364-65. Because Hernandez-Navarro has not shown that the error, if any, affected his substantial rights, he has not shown plain error. *See id.*; *Baker*, 538 F.3d at 332.

Hernandez-Navarro argues that the sentence is substantively unreasonable and greater than necessary to meet the goals of § 3553(a). We need not determine whether plain-error review is appropriate because Hernandez-Navarro is not entitled to relief even assuming that he preserved the substantive reasonableness issue for review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Hernandez-Navarro contends that even if a presumption of reasonableness applies, that presumption is rebutted in this case because (1) the prior offense which increased his base offense by 16 levels was committed well over 14 years prior to the instant

3

offense, (2) the 54-month sentence was almost equal to that imposed for the prior offense, and (3) the sentence did not take into account his mental illness or his motivation for entering. A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *Rodriguez*, 523 F.3d at 526. Hernandez-Navarro has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.